NO. 07-08-0297-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 25, 2008

_____

VICENTE CASAS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-411,025; HON. JIM BOB DARNELL, PRESIDING

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ON ABATEMENT AND REMAND

Appellant, Vicente Casas, appeals his conviction for the offense of burglary of a habitation with intent to commit a felony and sentence of 50 years confinement in the Institutional Division of the Texas Department of Criminal Justice. We abate for further proceedings.

Appellant's brief was due to be filed no later than October 13, 2008, but has yet to be filed. Appellant's attorney of record was notified by letter dated October 23 that unless a brief or motion was received by November 3rd, this court would abate the appeal to the trial court. On November 7, appellate counsel filed a motion to extend time to file appellant's brief requesting until November 10 to file appellant's almost completed brief. On November 13, appellant's attorney was notified that his motion for extension was denied and that appellant's brief was due on or before November 18. Appellant's counsel has not filed a brief or had further communication with this court.

Therefore, we now abate this appeal and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3). Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal;

2. whether the trial court appointed counsel for appellant has abandoned the appeal; and

3. whether appellant has been denied effective assistance of counsel given the attorney's failure to file a brief.

The trial court shall cause a hearing to be transcribed. Should it be determined that appellant does want to continue the appeal and is indigent, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of new counsel. If new counsel is appointed, the name, address, telephone number, and state bar number of said counsel

shall be included in the order appointing new counsel. Finally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental record of the hearing shall also be included in the appellate record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by December 23, 2008.

It is so ordered.


Per Curiam

Do not publish.